UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DYE,

       Plaintiff,                          No. 17-10183

v.                                          District Judge Bernard A. Friedman
                                               Magistrate Judge R. Steven Whalen

J. HATTON and L. GIDLEY,

       Defendants.

                               /

**REPORT AND RECOMMENDATION**

      Plaintiff Timothy Dye, a *pro se* prison inmate in the custody of the Michigan Department of Corrections, filed this case on June 20, 2003. Defendants J. Hatton and L. Gidley executed Waivers of Service on December 8, 2017, and the Waivers were filed on December 19, 2017. Seeing that these Defendants did not file an answer, and that Plaintiff had taken no other action, I entered a show cause order on April 26, 2018, directing Plaintiff to show cause "why his complaint should not be dismissed for failure to prosecute by not seeking a Clerk's entry of default." [Doc. #13]. My order also stated that "the Court will vacate this Order to Show Cause if Plaintiff (1) seeks and obtains a Clerk's entry of default and (2) before May 24, 2018 files a motion for default judgment." In compliance with my order, Plaintiff has now filed a motion for clerk's entry of default [Doc. #21] and a motion for default judgment [Doc. #22], which have been referred for a

Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that both motions be DENIED.

## I.  DISCUSSION

On occasion, judges make errors, and this is one such occasion.  Specifically, the April 26, 2018 order to show cause [Doc. #13] was improvidently entered.  While it is true that Defendants had not filed an answer to the Plaintiff's complaint, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(1), provides that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." Under § 1997e(g)(2), the court may require a defendant to reply to a complaint, but did not enter such order in this case.  So, Defendants were not required to file an answer, and as such, entry of default and default judgment are not warranted.  Likewise, Plaintiff's complaint was not subject to dismissal for failure to prosecute.  Accordingly, Plaintiff's motions for clerk's entry of default and default judgment should be denied.[1]

## II.  CONCLUSION

I recommend that Plaintiff's motion for clerk's entry of default [Doc. #21] and motion for default judgment [Doc. #22] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen

---

[1] On May 24, 2018, Defendants Gidley and Hatton filed a motion for summary judgment [Doc. #20].  I ordered Plaintiff to respond to this motion by July 9, 2018 [Doc. #23], and I will enter a Report and Recommendation when briefing is completed.

(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 5, 2018			s/R. Steven Whalen
					R. STEVEN WHALEN
					UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on June 5, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 5, 2018.

s/Carolyn M. Ciesla<br>
Case Manager for the<br>
Honorable R. Steven Whalen