UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DYE, 302488,

    Plaintiff,                                    Civil Action No. 17-CV-10183

vs.                                              HON. BERNARD A. FRIEDMAN

JANA HATTON and
LORI GIDLEY,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendants' motion for summary judgment [docket entry 20]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff, who is proceeding pro se, is a state prison inmate, currently confined at the Central Michigan Correctional Facility ("STF") in St. Louis, Michigan. He is suing the STF warden, Lori Gidley, and the STF grievance coordinator, Jana Hatton, for interfering with his right to file grievances. Specifically, plaintiff alleges that

> I wrote 8 grievances between 8/30/16 and 11/15/16, which were ALL rejected claiming "no violation of policy cited." I wrote 3 additional grievances dated 12/2/16, which were rejected claiming "Duplicate." I was placed on grievance restriction claiming Duplicative and Non-Grievable Issues. Grievance restriction was issued by the grievance coordinator and approved by the Warden without investigation. The grievance restriction was retaliation for trying to seek resolution to grievable issues. Also they retaliated against me by rejecting my grievances so no true issues are resolved but brushed under

> the rug, so to speak. Their blatant abuse of authority by refusing to resolve issues. I sent a letter to the grievance coordinator asking for a grievance to grieve the issues within, and was rejected by the grievance coordinator claiming "not a grievable issue," while attempting to cover herself because I cannot write a grievance without her permission... a clear conflict of interest.

Compl. ¶ IV.B (ellipsis in original). Plaintiff claims that defendants have violated his "5th and 14th Amendment Rights of the US Constitution; Due process [and his] 8th Amendment Rights of the US Constitution; Cruel and Unusual Punishment." *Id.* ¶ II.B. For relief, he seeks damages "in excess of $70,000," costs, and "a written apology from both defendants, and I want it certified so I know it isnt signed with a rubber stamp." *Id.* ¶ VI. Plaintiff also "want[s] [to be] removed from grievance restriction, Modified Access, and I want an injunctive relief decision stating I cannot ever be placed on Modified Access without a well documented reason." *Id.* (alterations added).

Plaintiff has attached copies of the referenced grievances and responses to his complaint. In his first grievance (***-0835-28B), plaintiff alleged:

> I was called up to staff desk @ 1732 HRS. C/O informed me Health Services called and threatened my life and person! I asked what I should do and C/O said I should write grievance! C/O told me Health Services called and told him (the C/O) that if I come to med line early again, they'll write me an out of place! If cameras are viewed, I've never whent to med line early! My life and person are in danger! Im in fear for my life! Any falsified misconduct can cost parole board to flop me which can cost my life to waste away in prison for whatever the flop time is! Also, if I make threat to staff or administration, they'd write me an insolence misconduct! My life is in danger from falsified tickets and staff corruption! I asked C/O which nurse made the threat, he told me he didn't know which nurse made the threat! I expect staff retaliation for bring staff corruption

> and threats of harm to my person to light! This grievance is my
> evidence of the facility allowing Health Service staff authority
> to make threats to prisoner population and get away with it!

*Id.*, PageID 16. This grievance was denied on the grounds that "[s]tating that a misconduct could/might be written does not constitute a threat" and because "[n]o violation of policy cited." *Id.* PageID 16-18.

> In his second grievance (***-0835-17I), plaintiff alleged:
>
> I talked to sargent working f/s @ lunch chow then spoke to C/O
> Parsons working A unit morning shift. I was forced not to eat
> chow!
> Food steward Speakerman took me up to the sargent working
> food service lines during lunch and made false claims of me
> stealing. Sargent said I had to go back to the unit. I asked what
> Im suppose to eat. Sargent said he'd send over snack bag. At
> [illegible] pm, I asked unit C/O Parsons if she could check on
> snack bag cause I was forced to leave food service without
> eatting cause I was falsely accused of stealing. Unit C/O said
> she wasn't going to bother with it cause she's about to get off.
> I asked, "so I just starve?" And she said yes! I demand
> sanctions be enposed on C/O Parsons and Sargent working food
> service for violating my life and causing me to starve! I also
> request $25,000!

*Id.*, PageID 19. This grievance was denied on the grounds that "there appears to have been miscommunication between staff and the grievant did not receive a snack bag" and because "the grievant's proposed relief of discipline of staff and payment of monetary punitive damages cannot be granted in the grievance process." *Id.* PageID 21.

> In his third grievance (***-1102-27A), plaintiff alleged:
>
> I was laid in by C/O Martinez @ 4:40 pm on 10-3-16 for a theft
> ticket wrote against me for someone else setting me up. I
> worked in food service! From 10-4-16 to 10-13-16, Ive been

3

> talking to FSL Baker, FSS Simcox, FSD Elizalde, Sgt Gillespie, and unit officers about my ticket. Its been 2 weeks and I still have <u>not</u> been reviewed on said ticket! I request my lay in be lifted and me return to my work detail! I also request back pay from 10-3-16 until I reenter my food service work detail.

*Id.*, PageID 22 (emphasis in original). This grievance was denied on the grounds that it related to a "[m]isconduct hearings issue." *Id.*

> In his fourth grievance (***-1103-28B), plaintiff alleged:
>
> C/O Martinez runs around food services like he's the Food Service Director when in reality he aint nothing but security. He wanna act like he's God over in the chow hall, telling and bossing people around. Well, since he dont want to do his real job, and dont know how to treat prisoners, maybe he needs to be reassigned to the control center! He refuses to let "me" (or anyone else) know when Health Services calls my unit to med line in the evenings, knowing I can only go with my unit and if I miss it, Health Services will write tickets.

*Id.*, PageID 24. This grievance was denied on the grounds that "[n]o policy violations cited." *Id.*

> In his fifth grievance (***-1104-28I), plaintiff alleged:
>
> @ approximately 1420 on 10-13-16 in the commissary with food service supervisor Ms. H, Mr Martinez who works food service on 2nd shift threatened me in front of Mrs H telling me he's gonna find a way to write me a ticket and fire me from my work detail in food services cause its "his kitchen" and I dont deserve to work in food services. He said he'd set me up if he has to. Ms H heard Mr Martinez threaten me. I brung it to FSL Ms Bakers attention that night and she said she'd bring it to FSD Elizaldes attention. If Mr Martinez cant work with prison population, then he should be reassigned to the control center!

*Id.*, PageID 27. This grievance was denied on the grounds that "Trinity staff do not supervise

4

C/O Martinez." *Id.*

> In his sixth grievance (\*\*\*-1114-28B), plaintiff alleged:
>
> I work in F/S as a kosher cook. At approximately 1833 on 10-17-16, I rang the buzzer for the kosher cooks to inform a food stewart that I need out of the kosher room and C/O Martinez walked by and banged loudly on the door, opened the door and threatened to write me a ticket and fire me if I ring the buzzer anymore. And he walked back out the kosher room locking me back in the room! He would not even let me out the room! I had to wait 40 minutes for a stewart to pass by the room to let me out. I was super late for med line! I already take meds for anxiety and not only did my anxiety go up cause C/O Martinez gave me a direct order not to ring the buzzer, I could of got a ticket for being late for meds. If he cant do his job right or without being corrupt, he should be reassigned to control center. I have no other money except from my detail and all C/O Martinez keeps doing is pushing me to my snapping point because of his curruption. I brung it to FSD Elizalde on 10-18-16 and she said she'd email the inspector of the corrupt direct order.

*Id.*, PageID 30. This grievance was denied on the grounds that "[n]o violation of policy cited." *Id.*

In his seventh grievance (\*\*\*-1175-28B), which takes up two single-spaced typewritten pages, plaintiff alleged that after being found not guilty on a misconduct charge he was demoted from his semi-skilled position in food services to an unskilled position and that the food service director violated his rights by telling him he could remain in the higher position but then, apparently, changing her mind and demoting him. *Id.*, PageID 33-35. Among other things, plaintiff requested back pay and $50,000 in damages. *Id.* Page ID 35. This grievance was denied on the grounds that there was "[n]o violation of policy or

5

procedure." *Id.* PageID 36.

And in his eighth grievance (***-1181-28B), plaintiff alleged:

I was serving on the line in Food Services at 17:20 hours. An inmate came through the line and asked for an extra scoop of butter. Food Service Supervisor Ms. Berry stepped up to me and stated if I give him extra butter, shed fire me and make sure I could NOT beat the ticket she'd write on me. I questioned her about what she was talking about and she said I beat the ticket FSS Loomis wrote on me but I would never be able to beat the one she'd write on me. . . .

*Id.*, PageID 39. Plaintiff requested punitive damages and "a written apology for retaliation, threatening behavior, cruel and unusual punishment, and her power and control issue." *Id.* PageID 40. This grievance was denied on the grounds that "[n]otifying a prisoner that he will receive a misconduct for a rule violation is not a violation of policy." *Id.*

The three grievances plaintiff alleges were rejected as being duplicative are also attached to the complaint, but they are illegible. *Id.*, PageID 43, 45, 47.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

6

the misconduct alleged." *Id*.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See id.* at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Plaintiff has shown only that he filed grievances, that he received what he perceived to be unsatisfactory responses, and that he now has been placed on "modified access" to the grievance process. These facts do not state a claim for a violation of plaintiff's rights under the First,[1] Fifth, Eighth, or Fourteenth Amendments. No First Amendment

---

[1] The complaint does not allege a violation of plaintiff's First Amendment rights, but defendants note that it does so implicitly by alleging retaliation. *See* Defs.' Summ. J. Br. at 11.

retaliation claim is stated because such a claim

> essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Placement of an inmate on modified access is not "adverse action" within the meaning of *Thaddeus-X*. *See Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. 2001). As provided in Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130 ¶ HH, modified access is a temporary status (at most 90 days, extendable for 30 additional days for further violations) imposed on inmates who file "an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or contain prohibited language." Defs.' Ex. A. While on this status, an inmate "shall be able to obtain grievance forms only through the Step I Grievance Coordinator," and the form must be provided to the inmate if the coordinator "determines that the issue the prisoner . . . wishes to grieve is grievable and otherwise meets the criteria outlined in this policy." *Id.* ¶ KK. This measure is temporary and non-retaliatory, and it does not restrict inmates' access to the grievance process or to the courts to an extent that raises First Amendment concerns. *See Walker v. Mich. Dep't of Corrs.*, 128 F. App'x 441, 445-47 (6th Cir. 2005); *Kennedy*, 20 F. App'x at 470-71.

Nor has plaintiff stated a due process claim. Plaintiff has cited no authority, and the Court is aware of none, suggesting that he has a property or liberty interest either in

receiving satisfactory responses to grievances or in unrestricted access to the prison grievance system. Nor has he cited any authority suggesting that the temporary restriction on his ability to file grievances (requiring only that he obtain the grievance forms from the grievance coordinator who must be persuaded that the grievance raises a grievable issue and complies with the grievance policy) constitutes a deprivation of a liberty or property interest that is of constitutional magnitude. Further, the Sixth Circuit has held that placing inmates on modified access does not violate their due process rights because "there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *3 (6th Cir. Nov. 9, 2017). Nor is there any constitutionally protected right "to a detailed opinion" as to why a grievance has been denied. *Walker*, 128 F. App'x at 447.

Nor has plaintiff stated a claim under the Eighth Amendment, which protects prison inmates from "unnecessary and wanton infliction of pain," *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), and from being subjected to conditions "that transgress today's broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Hutto v. Finney*, 437 U.S. 678, 685 (1978). By no stretch of the imagination have defendants subjected plaintiff to cruel and unusual punishment by responding to his grievances as they did or by temporarily placing him on modified status in response to his abuse of the grievance process. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted.

Dated: September 27, 2018  　　s/Bernard A. Friedman
Detroit, Michigan 　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2018.

　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　Case Manager